IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANICE BURRIS )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>RAYMOND EDWARD SILVEY )<br>    Serve: 1550 Madison 451 )<br>          Des Arc Mo 63636 )<br>And )<br>)<br>DIRECTECH DEVELOPMENT CORP. )<br>    Serve: CT CORPORATION )<br>          SYSTEM )<br>          120 S. Central Avenue )<br>          Clayton Mo 63105 )<br>)<br>    Defendants. ) | Case No: 4:13CV-1910<br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### Jurisdiction

1. Jurisdiction is found on diversity of citizenship in that Plaintiff is a citizen of Nevada and Defendants are citizens of Missouri. The matter in controversy exceeds exclusive of interest and costs the sum specificed by 28 U.S.C. §1332.

2. Plaintiff Janice Burris is a citizen of the State of Nevada and resides at 3926 Bushnell Drive, Las Vegas, Nevada 89103.

3. Defendant Raymond Edward Silvey is a resident of Iron County, Missouri with an address of: 1550 Madison 451, Des Arc, Missouri 63636.

4. Defendant DirecTech Development is a corporation and its registered agent is CT Corporation System located at 120 South Central Avenue, Clayton, St. Louis County, Missouri 63105.

## Venue

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 105 (b).

## Factual Allegations

6. At all relevant times, Defendant Silvey was an agent or employee of Defendant DirecTech Development Corporation acting within the scope and course of his agency or employment.

7. On December 21, 2010 Defendant was driving his vehicle on Farrar Street at the intersection of Mo Rt K in Cape Girardeau, Missouri.

8. At that time and place, Plaintiff was stopped at that intersection in her 2003 Chevrolet Malibu.

9. At that time and place, Defendant failed to yield and struck the rear of Plaintiff's stopped vehicle causing Plaintiff to be injured.

10. The collision involving Plaintiff and resulting injuries and damages were the direct and proximate result of Defendant's negligence and/or negligence per se.

11. Defendant was negligent and/or negligent per se in the following respects:

    a. He failed and omitted to maintain a proper lookout ahead, behind and laterally so as to see and discover other objects upon said road;

    b. He failed and omitted to keep his automobile under such control that it could have been stopped, slowed or swerved upon the first appearance of danger;

    c. He failed to yield the right of way in violation of Sec. 304.351 RSMo.

d. He operated his automobile at an excessive rate of speed.

e. He operated his vehicle in violation of §304.010.1 RSMo by operating it in a careless and improper fashion, without respect for the property or safety of others and by failing to exercise the highest degree of care.

12. As a direct and proximate result of Defendant's negligence and/or negligence per se, Plaintiff sustained serious, permanent and progressive injuries including but not limited to injuries to her neck and back.

13. As a direct and proximate result of Defendant's negligence and/or negligence per se, Plaintiff suffered serious, progressive and permanent physical, mental and emotional pain, including serious injury to her neck and back.

14. As a direct and proximate result of Defendant's negligence and/or negligence per se, Plaintiff sustained serious, permanent and progressive limitation of motion and loss of strength.

15. As a direct and proximate result of Defendant's negligence and/or negligence per se, Plaintiff is unable to carry on her everyday chores and pleasures, indulge in her customary ways of life as before the collision and will suffer said damage permanently.

16. As a direct and proximate result of Defendant's negligent and/or negligent per se, Plaintiff has been unable to perform her employment, and has lost income and will in the future lose income in an amount not yet determined.

17. Defendant DirecTech Development Corporation is vicariously liable for the negligence of its agent or employee Silvey as more fully set out above because he was acting in the course and scope of his duties at the time of his negligent driving.

18. As a direct and proximate result of Defendant's negligence and/or negligence per se, Plaintiff has been caused to undergo extensive medical treatment, and has become obligated to pay approximately $27,000.00 for said treatment and medicines, and will, in the future, be obligated to spend additional money for medical treatment and medicines.

**WHEREFORE,** Plaintiff demands judgment against Defendant in an amount that is fair and reasonable and thereon interest and for her costs herein expended and such other relief as proper under the law.

    */s/ John H. Lake*
John H. Lake    Mo.# 23472MO
Thomas Pirmantgen    Mo.# 52384MO
**LAKE LAW FIRM, LLC**
3401 West Truman Blvd.
Jefferson City, Missouri 65109
(573) 761-4790
(573) 761-4220   Fax

Attorneys for Plaintiff