IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JANICE BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:13CV-1910 |
| vs. ) | |
| ) | |
| RAYMOND EDWARD SILVEY ) | |
| ) | |
| and ) | JURY TRIAL DEMANDED |
| ) | |
| DIRECTECH DEVELOPMENT ) | |
| CORP. ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendants Raymond E. Silvey and Directech Development Corporation, by and through their counsel, Amy M. Simkins and the Law Offices of Rouse & Cary, for their Answer to Plaintiff's Complaint, states as follows:

1. Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Complaint and therefore deny the same and demands strict proof of same.

2. Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 2 of the Complaint and therefore deny the same and demands strict proof of same.

3. Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 5 of the Complaint and therefore deny the same and demands strict proof of same.

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 8 of the Complaint and therefore deny the same and demands strict proof of same.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint and all of its subparts, a through e.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. In answer and in affirmative defense, Defendants states that Plaintiff fails to state a claim upon which relief can be granted.

20. In further answer and in affirmative defense, Defendants states that any injuries or damages that plaintiff may have sustained were caused and/or contributed to be caused by their own carelessness and/or fault, in one or more of the following respects, whereby plaintiff's recovery, if any, should as a matter of law and fact, be reduced in a percentage amount corresponding thereto:

   a. Plaintiff failed to keep a careful lookout; and

    b.    Plaintiff stopped suddenly.

21. In further answer and in affirmative defense, Defendants states that plaintiff failed to mitigate her damages and, as such, is not entitled to recover.

22. In further answer and in affirmative defense, Defendants reserves the right to request a hearing pursuant to RSMo. Section 490.715.5, to determine the value of any medical services received by plaintiff allegedly due to the incident mentioned in the pleadings.

23. In further answer and in affirmative defense, Defendants reserves the right to supplement or amend their affirmative and other defenses and/or to add additional affirmative defenses as discovery progresses and/or to conform to the evidence.

WHEREFORE, having fully answered the Complaint, Defendants Raymond E. Silvey and Directech Development Corporation pray to be hence dismissed with their proper costs.

LAW OFFICES OF ROUSE & CARY

BY:/s/ Amy M. Simkins
AMY M. SIMKINS, 47783
Attorneys for Defendants
10733 Sunset Office Drive, Suite 410
St. Louis, MO 63127
Telephone: 314-965-5440
Telefax: 603-334-7449

CERTIFICATE OF SERVICE

Signature above is also certification that a true and correct copy of the foregoing document has been electronically sent,, this 24th day of October, 2013 to: John H. Lake, Lake Law Firm, 3401 West Truman Blvd., Jefferson City, MO 65109

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | | |
|---|---|---|
| Janice Burris<br>*Plaintiff* | )<br>)<br>) | |
| v. | ) | Civil Action No. 4:13CV-1910 |
| Raymond Edward Silvey and Directech Dvlp. Corp.<br>*Defendant* | )<br>)<br>) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: John H. Lake
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 9/27/13, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 10/21/13

*Signature of the attorney or unrepresented party*

Directech Development Corp (CT Corporation)
*Printed name of party waiving service of summons*

Amy M. Simkins
*Printed name*

10733 Sunset Office Dr., Ste 410
St. Louis, MO 63127
*Address*

amy.simkins@libertymutual.com
*E-mail address*

(314) 965-5440
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.