IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

JANICE BURRIS, )
)
Plaintiff, )
)
v. ) Case No.: 4:13cv-1910
)
DIRECTECH DEVELOPMENT CORP. )
)
Defendant. )

**PLAINTIFF'S TRIAL BRIEF**

COMES NOW plaintiff, by and through counsel, and pursuant to this Court's Order Relating to Trial entered November 26, 2013 provides this trial brief.

**Statement of the Case**

This is a case before the federal court on diversity jurisdiction involving a motor vehicle collision which occurred in Cape Girardeau, Missouri in December 2010. Plaintiff alleges a single count against Defendant Directech Development Corporation for damages for personal injuries incurred in said collision. Plaintiff alleges that the collision occurred as a result of the negligence of defendant's agent Raymond Edward Silvey, now deceased, in causing the work van he was operating to come into collision with the rear-end of Plaintiff's vehicle. Defendant has stipulated that Mr. Silvey was operating within the scope and course of his employment at the time of the collision.

Immediately after the collision, plaintiff, a registered nurse employed at Landmark Hospital in Cape Girardeau at the time of the collision, experienced pain and stiffness in her neck and shoulder for which she sought medical treatment through various providers.

Eventually, plaintiff became disabled from work as a result of injuries sustained in this collision, and has not worked since December 2011.

Although previously a named defendant in this action, Raymond Edward Silvey passed away on March 12, 2014 according to a Suggestion of Death filed by defense counsel. Subsequently, plaintiff has dismissed Mr. Silvey as a named party to this cause of action.

**Legal Issues**

A. Heresay statements of Raymond Edward Silvey

Any Statements allegedly made by Raymond Edward Silvey which may be offered by defendant to prove the truth of the matter asserted amount to inadmissible heresay. Fed.R.Evid. 802. Mr. Silvey's testimony has not been preserved for use at trial, nor been subject to cross examination, nor would any of the recognized exceptions to the heresay rule apply. Accordingly, any proposed description of the collision involved in this occurrence based upon information provided by Mr. Silvey should likewise be excluded.

B. Defendant's allegations of comparative fault

In its Answer to Plaintiff's Complaint, defendant alleges plaintiff's comparative fault for failure to keep a careful lookout and stopping suddenly. However, there will be no evidence admitted at trial to support any such defense. Plaintiff's testimony will be that she was stopped for some time when she was rear-ended by defendant's van. There will be no testimony contrary to that which would support any submission of comparative fault, and the case will be decided upon a single submission of negligence against

defendant due to the actions of its agent Raymond Edward Silvey acting within the scope and course of his agency.

**Conclusion**

In short, this case is a simple auto accident claim based upon a rear-end collision which has resulted in injury to plaintiff that has left her disabled from work. The only real issue to be determined in this matter is plaintiff's damages sustained as a result of said collision.

Respectfully,

JAMES G. KRISPIN

James G. Krispin #33991MO
Attorney for Plaintiff
1010 Market St., Ste. 1500
St. Louis, MO 63101
(314) 721-2060
(314) 726-5834 (Fax)
jgkrislaw@aol.com

Co-counsel for Plaintiff

and

John H. Lake #23472
Lake Law Firm, LLC
3401 West Truman Blvd.
Jefferson City, MO 65109
573-761-4790
573-761-4220-Facsimile
lakelawfirm@yahoo.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

A copy of the foregoing was sent via the court's electronic filing system, this 14th day of January, 2015 to: Amy Simkins, Attorney for Defendants, Law Office of Rouse & Cary, 10733 Sunset Office Dr., Ste. 410, St. Louis, MO 63127.

______________________